Filed 10/6/22  P. v. Peterson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094574 |
| v. | (Super. Ct. No. 05F8876) |
| JOANNA LORRAINE PETERSON, | |
| Defendant and Appellant. | |

Defendant Joanna Lorraine Peterson, serving 17 years to life after pleading guilty to second degree murder and robbery, appeals from the trial court's denial of her petition for resentencing under Penal Code section 1170.95,[1] which as of June 30, 2022, was recodified without substantive change as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  The parties agree the trial court should not have engaged in factfinding before issuing an order to show cause.  We will reverse the trial court's denial of the petition for resentencing and remand the matter for further proceedings.

### BACKGROUND

We granted defendant's motion to incorporate the record and opinion from the direct appeal of her conviction (*People v. Peterson* (2012) 211 Cal.App.4th 1072 (*Peterson*)), which sets forth a detailed recitation of the underlying facts.

---

[1] Undesignated statutory section references are to the Penal Code.

1

Jeanette Mariedth was murdered in 2005. (*Peterson, supra*, 211 Cal.App.4th at p. 1074.) Defendant and her codefendant, Scott Varner, were charged with premeditated murder, second degree robbery, kidnapping for robbery, kidnapping for carjacking, and carjacking. (*Ibid.*) The information also alleged the special circumstances that the murder was committed in the course of those additional offenses. (*Ibid.*)

In 2008, defendant pleaded guilty to second degree murder and agreed to testify against Varner in exchange for a sentence of 15 years to life in prison. (*Peterson, supra*, 211 Cal.App.4th at p. 1075.) According to defendant, while Mariedth was giving them a ride in her car, Varner threatened Mariedth with a knife and demanded money. (*Id.* at pp. 1077-1078.) Defendant said that when Varner told her they had to kill Mariedth, defendant refused to participate. (*Id.* at p. 1078.) Varner beat and strangled Mariedth while defendant was supposedly curled up in the backseat. (*Ibid.*) Defendant said Varner then forced her at knifepoint to help him remove Mariedth's body from the car. (*Ibid.*) Defendant denied wearing gloves found in the backseat and changing her pants after the murder. (*Id.* at p. 1086.) She took the plea deal because she was told she faced harsher punishment under a felony-murder theory. (*Id.* at p. 1079.)

Following Varner's trial, the trial court vacated defendant's plea, finding that she was dishonest during the trial regarding her role in the killing, as there was evidence she was more deeply involved. (*Peterson, supra*, 211 Cal.App.4th at p. 1082) The trial court said there was evidence that defendant (1) falsely denied wearing the white gloves found in Mariedth's car even though her DNA was inside them; (2) was not credible concerning her prior relationship with Mariedth and that they may have selected Mariedth as a victim based on her prior relationship; (3) lied about which pants she was wearing at the time of the homicide until she learned there was no DNA evidence on the pants linking her to the homicide; (4) lied repeatedly to the police; and (5) was evasive and inconsistent about her prior drug history. (*Id*. at 1082-1083) In 2011, defendant pleaded guilty to second

2

degree murder and robbery in exchange for a sentence of 17 years to life in prison. (*Id.* at p. 1084.)

Defendant appealed, and this court affirmed the judgment. (*Peterson, supra*, 211 Cal.App.4th at p. 1089.) Applying the deferential substantial evidence test, this court concluded defendant's lies supported an inference that she was an active participant and not just curled up in a ball during the killing as she had claimed. (*Id.* at p. 1087.)

In January 2019, defendant filed a petition for resentencing under section 1172.6. In her declaration, defendant checked the boxes to indicate an information was filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that she pleaded guilty to second degree murder in lieu of going to trial because she believed she could have been convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine; and that she could not now be convicted of first or second degree murder because of changes to section 188 and 189, effective January 1, 2019. The trial court appointed the public defender to represent defendant. The parties did not submit briefing on the petition and there was no hearing. The trial court denied defendant's petition, stating: "The facts of the defendant's involvement in the killing are such that her application does not come close to a prima facie showing. The defendant was present at the time the victim was killed and assisted codefendant Varner in the killing. In the decision on appeal, the Appellate Court was required to determine the defendant's actual role in the killing, since the defendant's negotiated agreement was set aside by the trial judge, who felt the defendant understated her role in the killing."

Defendant did not appeal the trial court's order. Instead, she filed identical petitions in December 2019 and May 2021. Without appointing counsel on the second or third petitions, the trial court denied them for the same reasons that it denied the first petition. Defendant appeals from the most recent order.

DISCUSSION

I

Before turning to the merits, we address two threshold matters. Although the trial court issued its denial of the third petition on May 25, 2021, and defendant's notice of appeal was not filed until July 28, 2021, more than 60 days after the rendition of the order (Cal. Rules of Court, rule 8.406(a)(1)), the record indicates defendant mailed the notice of appeal from prison prior to the deadline for appeal. Under the circumstances, we deem the appeal timely.

In addition, defendant contends her third petition is not procedurally barred, even though as to the first petition, counsel was appointed for her, the petition was denied on the merits, and she did not appeal; and her second and third petitions asserted the same claims. But whether the second and third petitions were procedurally barred was not litigated in the trial court; instead, the trial court indicated they were denied for the same reasons as the first petition. And in this appeal, the People do not assert that the appeal is barred. "It is the burden of the party seeking to prevent relitigation based on prior findings to raise the defense and establish its elements. [Citation.]" (*People v. Strong* (2022) 13 Cal.5th 698, 716.) Because the People have not raised or argued the issue, and the trial court did not address it, we express no opinion as to whether defendant's third resentencing petition is barred as a successive petition. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 946-947 [holding a second petition for resentencing was not barred because the second petition relied on new legal authority and because public policy did not support applying collateral estoppel]; but see *In re Reno* (2012) 55 Cal.4th 428, 496 [successive habeas corpus petitions are precluded].)

II

On the merits, the parties contend the trial court erred in concluding that defendant is, as a matter of law, ineligible for relief under section 1172.6.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, restricted the application of the felony-murder rule and the natural and probable consequences doctrine, as applied to murder, by amending sections 188 and 189. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248-249.) As amended, section 188 provides that "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Senate Bill No. 1437 added section 189, subdivision (e) to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added what is now section 1172.6, "which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) As relevant to the circumstances of this case, to make a prima facie case for eligibility under section 1172.6, the petitioner must show: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petition could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

5

"[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) The trial court must accept the petitioner's allegations as true and "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) The trial court may review the record of conviction, including an appellate opinion, but the probative value of such opinions is case-specific and might not supply all answers. (*Ibid.*)

If a prima facie showing of eligibility is made, the trial court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the conviction and recall the sentence. (§ 1172.6, subds. (c), (d).) The burden shifts to the prosecution to prove beyond a reasonable doubt that the petitioner is guilty of murder under the amended versions of sections 188 and 189. (§1172.6, subd. (d)(3).) "A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)[2]

B

Accepting the facts in defendant's petition as true, we agree with the parties that defendant made a prima facie showing of eligibility and that nothing in the record of conviction established that defendant is ineligible as a matter of law. This court's prior opinion did not determine defendant's actual role in the killing. Rather, the task before this court was to determine whether substantial evidence showed defendant had made material misrepresentations that warranted setting aside her plea agreement. Applying

---

[2] This provision was added by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, Ch. 551, § 2), which became operative during the pendency of this appeal. The modifications made by that bill apply retroactively to defendant because her case is not yet final. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.)

6

that deferential standard, this court concluded the evidence sufficiently supported an inference that defendant was an active participant. (*Peterson, supra*, 211 Cal.App.4th at p. 1087.) But this court's opinion did not rule out contrary inferences, nor establish defendant was guilty of murder under the amended versions of sections 188 and 189.

We will remand the matter so that the trial court can issue an order to show cause and hold an evidentiary hearing. In light of this conclusion, we need not reach defendant's additional contention that the trial court should have appointed counsel.

DISPOSITION

The trial court's order denying defendant's petition is reversed, and the matter is remanded for further proceedings. The trial court shall issue an order to show cause and hold an evidentiary hearing on defendant's petition for resentencing.


                /S/
                MAURO, J.


We concur:


   /S/
ROBIE, Acting P. J.


   /S/
RENNER, J.